IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CABLE & WIRELESS INTERNET SERVICES, INC., (formerly known as DIGITAL ISLAND, INC.) and KINETECH, INC. Plaintiffs, v. AKAMAI TECHNOLOGIES, INC., Defendant. | Civil Action No.: 02-CV-11430RWZ **AMENDED COMPLAINT** **DEMAND FOR JURY TRIAL** **RELATED ACTIONS:** Civil Action Nos.: *00-CV-11851RWZ* and *01-CV-11007RWZ* |

For its Amended Complaint, plaintiffs Cable & Wireless Internet Services, Inc. ("CWIS") and Kinetech, Inc. ("Kinetech") allege against defendant Akamai Technologies, Inc. ("Akamai") as follows:

### JURISDICTION AND VENUE

1. This is an action for patent infringement arising under 35 U.S.C. § 1, *et. seq.*

2. This Court has subject matter jurisdiction over this matter based on 28 U.S.C. §§ 1338 (a) and 1331.

3. Venue properly lies in this district under 28 U.S.C. §§ 1391 and 1400 (b).

### THE PARTIES

4. Plaintiff CWIS is a corporation incorporated under the laws of Delaware and has

:30170603-1

its principle place of business at 45 Fremont Street, San Francisco, California, 94105.

5.  Plaintiff Kinetech is a corporation incorporated under the laws of Delaware and has its principle place of business at 3140 Whisperwoods Court, Northbrook, Illinois, 60062.

6.  On information and belief, defendant Akamai is a corporation incorporated under the laws of Delaware, having its principle place of business at 500 Technology Square, Cambridge, Massachusetts, 02139.

### THE PATENT IN SUIT

7.  United States Patent No. 6,415,280 ("the '280 patent"), entitled *Identifying And Requesting Data In Network Using Identifiers Which Are Based On Contents Of Data*," and naming David A. Farber and Ronald D. Lachman as the inventors, was duly and legally issued from the United States Patent and Trademark Office on July 2, 2002. A true and correct copy of the '280 patent is attached hereto as Exhibit A.

8.  CWIS and Kinetech remain the owners by assignment of the entire right, title, and interest in the '280 patent, including, *inter alia*, the right to sue for past and present infringement of the '280 patent.

9.  The '280 patent is presumed valid as a matter of law under 35 U.S.C. § 282.

### INFRINGEMENT OF U.S. PATENT NO. 6,415,280

10.  On information and belief, Akamai has directly infringed, contributorily infringed, and/or actively induced infringement of the '280 patent by making, using, offering for sale, and/or selling in the United States systems and products, including, without limitation, Akamai's EdgeSuite (formerly known as FreeFlow) content delivery services and products, covered by one or more claims of the '280 patent.

11. On information and belief, Akamai's infringement has been and continues to be deliberate and willful.

12. On information and belief, Akamai likely will continue to infringe the '280 patent unless preliminarily and permanently enjoined from doing so by this Court.

13. As a consequence of Akamai's infringement complained of herein, CWIS and Kinetech have suffered damage and will continue to suffer damage by such acts in the future, thereby causing CWIS and Kinetech irreparable injury for which there is no adequate remedy at law.

### PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, CWIS and Kinetech request judgment as follows:

(1) Pursuant to 35 U.S.C. § 271, a determination that Akamai and those in privity with Akamai have directly infringed, contributorily infringed, and/or actively induced infringement of the '280 patent by making, using, offering for sale, and/or selling in the United States infringing systems and products;

(2) Pursuant to 35 U.S.C. § 283, an order that Akamai and those in privity with Akamai be preliminarily and permanently enjoined from infringing the '280 patent through the manufacture, use, offer for sale, and/or sale of the infringing systems and products;

(3) Pursuant to 35 U.S.C. § 284, an award of damages adequate to compensate CWIS and Kinetech for infringement of the '280 patent, but in no event less than a reasonable royalty, together with prejudgment interest and costs as fixed by the Court;

(4) Pursuant to 35 U.S.C. § 284, an award increasing damages up to three times the amount found or assessed for infringement of the '280 patent by Akamai due to the willful and

deliberate nature of the infringement;

    (5) Pursuant to 35 U.S.C. § 285, an award of reasonable attorneys' fees; and

    (6) Such other and further relief as the Court deems equitable and just in the circumstances.

Respectfully submitted,

_____
Arthur Wineburg
Susan T. Brown
Brian Siritzky
Daniel E. Yonan
PILLSBURY WINTHROP LLP
1600 Tysons Boulevard
McLean, Virignia 22102
Telephone: (703) 905-2000
Facsimile: (703) 905-2500

Brian J. Beatus
PILLSBURY WINTHROP LLP
2550 Hanover Street
Palo Alto, California 94304
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

Eileen M. Herlihy (BBO #23141)
John T. Bennett (BBO #648464)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 239-0100
Fax: (617) 227-4420

Attorneys for Plaintiffs

CABLE & WIRELESS INTERNET SERVICES, INC.
and
KINETECH, INC.

Dated: November 26, 2002

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by hand on November 26, 2002.

_____